Date signed November 23, 2010



PAUL MANNES
U. S. BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Greenbelt**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MARCUS H. LISIER | :    | Case No. 09-17326PM |
| LATISHA A. WRIGHT | : | Chapter 13 |
| | : | |
| Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - : | | |
| MARCUS H. LISIER | : | |
| LATISHA A. WRIGHT | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 10-0693PM |
| | : | |
| CITIBANK, N.A. | : | |
| c/o JP MORGAN CHASE BANK, N.A. | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - : | | |

**MEMORANDUM OF DECISION**

This case is before the court on the Defendant's Motion for Judgment on the Pleadings. For the reasons stated hereafter, the Motion will be granted.

Plaintiffs' Amended Complaint filed October 26, 2010 (the "Complaint"), is stated in four Counts. The first three Counts for (1) Violation of Automatic Stay, (2) Feckless and Baseless Filing of Motion for the Relief of Stay, and (3) Violation of Maryland's Consumer Protection Act all relate to alleged misstatements said to be contained in a Motion for Relief from Automatic Stay filed July 27, 2010 (the "Motion for Relief"), the hearing of which has been continued from time to time and is presently set for December 13, 2010. The Motion for

Relief is not a model of clarity.  Paragraph 10 of the Motion for Relief could lead to the conclusion that the Debtors have made no payments since April 1, 2010, when, in fact, several payments were made, as reflected in the Amended Complaint.

The problem is that, while this case was pending, Debtors were engaged in discussions with a representative of the Defendant concerning their qualification for the Home Affordable Modification Program ("HAMP") Trial Plan.  Debtors made payments pursuant to that Plan.  However, the payments made were somewhat less than what was called for under the note secured by the deed of trust.  As the court observed in open court, some of the kinks in the HAMP process could be eliminated were counsel filing the Motion for Relief a party to the loan modification agreement.  For whatever reasons, this is not to be, inasmuch as the individuals engaged in the modification process and the attorneys filing motions for relief from stay are not in communication with one another.

With respect to the first three Counts that relate to the filing of the Motion for Relief, Plaintiffs urge that they have standing under § 105(a) of the Bankruptcy Code.  This section is in the nature of a bankruptcy All Writs Act but does not serve as an independent basis for the award of sanctions.  *In re Kalikow*, 602 F.3d 82, 96-97 (CA2 2010).  If warranted, the proper way to deal with a pleading that counsel believes to be inappropriate is to file a motion pursuant to Bankruptcy Rule 9011(c)(1)(A) that provides:

**RULE 9011.  Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers**

\*          \*          \*          \*

**(c) SANCTIONS**.  If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How Initiated.

(A) By Motion.  A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 7004.  The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct

alleged is the filing of a petition in violation of subdivision (b).  If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.  Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

Here, no such motion was filed.  Had it been, the Defendant would have had the benefit of the 21-day safe harbor provision.

Plaintiffs also urge that they are entitled to relief because this court's Order entered October 30, 2009, authorized them to enter into an agreement for modification of the existing loan for real property. But that order is an enabling Order and confers no supplemental rights upon the Debtors.  Based on the foregoing, the court cannot find that Defendant's filing of the Motion for Relief gives rise to a claim that entitles Plaintiffs to the relief sought in the Amended Complaint.

Further, as to Count IV, this court joins with the legion of other courts that have found no private right of action under HAMP.  A few such cases are *Inman v. Suntrust Mortgage, Inc.*, 2010 WL 3516309 (E.D. Cal. Sept. 3, 2010), *Hammonds v. Aurora Loan Servs. LLC*, 2010 WL 3859069 (C.D. Cal. Sept. 27, 2010); *In re Shirk*, 437 B.R. 592, 607-08 (BC S.D. Ohio 2010).  "Nowhere in the HAMP Guidelines ... does it expressly provide for a private right of action.  Rather, Congressional intent expressly indicates that compliance authority was delegated solely to Freddie Mac.  By delegating compliance authority to one entity ... Congress intended that a private cause of action was not permitted." *Marks v. Bank of America, N.A.*, 2010 WL 2572988, at *6 (D. Ariz. June 22, 2010).  This is similar to the proposition that the filing of an inflated proof of claim in a bankruptcy case cannot form a basis for a claim under the Fair Debt Collection Practices Act.  *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95-96 (CA2 2010).

As stated above, this case presents an unfortunate situation. So far, the parties have been unable to work together to bring this matter to a mutually satisfactory conclusion. The court finds that the Debtors have at all times acted in good faith.  However, in the circumstances presented, the Motion for Judgment on the Pleadings must be granted.  An appropriate order will be entered.

cc:
Roopesh Vijayan, Esq., 9407 Harford Road, Baltimore, MD 21234
Chad King, Esq., 888 Bestgate Road, Suite 313, Annapolis, Md 21401

**End of Memorandum**